UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILIP J. YODER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00350-JPH-MJD |
| | ) |
| S. KALLIS, | ) |
| T. RULE, | ) |
| | ) |
| Respondents. | ) |

**ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Philip J. Yoder filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the United States Penitentiary in Terre Haute, Indiana. Mr. Yoder claims that he was wrongfully denied 1,480 days of time credits toward his sentence under the First Step Act of 2018 (FSA) and seeks immediate placement on home confinement or at an "RRC facility." Dkt. 2 at 7. Because Mr. Yoder's circumstances have changed since he filed his § 2241 petition, he **shall show cause** why his petition should not be **denied as moot.**

Mr. Yoder is serving an 87-month sentence to be followed by two years of supervised release. This sentence was imposed on July 1, 2019, in the Northern District of Indiana after Mr. Yoder plead guilty to mail, wire, and bank fraud. Dkt. 2 at 5. *United States v. Yoder*, No. 3:17-cr-30-2-JD-MGG-2; dkt. 1 at 1. His current projected release date (with good-conduct time included) is March 7, 2024. *See* https://www.bop.gov/inmateloc/; Dkt. 13 at 1.

In his § 2241 petition, Mr. Yoder argued that he was entitled to more time credits under the FSA than he was awarded. Dkt. 1 at 2, 4. FSA earned time

1

credits can be used to obtain prerelease custody (which includes home confinement and placement at a residential reentry center) or early transfer to supervised release, when certain requirements are met. 18 U.S.C. § 3624(g). For relief, Mr. Yoder asked for immediate placement on home confinement or an RRC facility. Dkt. 2 at 7.[1]

The application of earned time credits under the FSA is subject to two important limitations. First, one year is the maximum amount of earned time credits that may be applied toward an inmate's placement in prerelease custody. 18 U.S.C. § 3624(c)(1). Second, when a prisoner's sentence includes a term of supervised release, the BOP can "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [earned] time credits under section 3632." 18 U.S.C. § 3624(g)(3). In other words, a prisoner may be transferred to supervised release early based on credits earned under the FSA, but not more than a year earlier than he otherwise would have been transferred to supervised release. *Jones v. Keyes*, No. 22-CV-533-JDP, 2023 WL 4474624, at *2 (W.D. Wis. June 9, 2023) (stating that "[o]ne year is the maximum amount of First Step Act time credits that may be applied toward an inmate's placement in supervised release. 18 U.S.C. § 3624(g)(3).").

---

[1] The FSA also changed the amount of good time credit that federal prisoners can earn toward their sentences and the ways they can earn such credit. Good time credits or "credit toward service of sentence for satisfactory behavior" provides that a prisoner can earn up to 54 days for each year of the prisoner's sentence imposed by the court. 18 U.S.C. § 3624(b). This good time credit reduces a prisoner's sentence. Mr. Yoder's petition does not challenge his good time credits.

On May 9, 2023, Mr. Yoder reported that he had been transferred to a residential address, which reflects he is now in prerelease custody. Dkt. 19. The BOP's website reflects that Mr. Yoder is under the supervision of a Residential Reentry Management (RRM) in Chicago. *See* https://www.bop.gov/inmateloc/. Because Mr. Yoder has been granted prerelease custody status and is living at a residential address, he appears to have received the relief he sought in this action. His claim is therefore moot, and this action must be dismissed. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."). Further, as explained by the BOP in Program Statement 5410.01 CN-2 (effective March 10, 2023) and titled *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, "[p]re-release placement in a Residential Reentry Center (RRC) or Home Confinement (HC) will be based on [earned time credits] other than those credits already applied to early transfer for supervised release." *Id.* at 19. This means that Mr. Yoder's current prerelease custody placement already accounts for his early transfer for supervised release.

Mr. Yoder shall have through **February 15, 2029**, in which to show cause why Judgment dismissing this action as moot should not issue.

**SO ORDERED.**

Date: 1/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

PHILIP J. YODER
08535-027
13925 State Road 4
Goshen, IN 46528

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov